BRADFORD *v.* STATE.

(Division B.   Oct. 8, 1934.)

[156 So. 655.   No. 31400.]

W. F. Tucker, of Woodville, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

Argued orally by **W. F. Tucker**, for appellant, and by **W. D. Conn, Jr.**, for the state.

**Ethridge, P. J.**, delivered the opinion of the court.

Susie Bradford, appellant, was tried and convicted in the circuit court of Wilkinson county on a charge of uttering a forgery, and was sentenced to serve one year in the state penitentiary. The indictment charged that Susie Bradford feloniously, fraudulently, and falsely uttered and published as true to one Virginia D. Rowan a certain forged and counterfeit teacher's state license, purporting to be authorized by statute by the state board of examiners of the state of Mississippi, then composed of three members set forth in the indictment, one member of which had been appointed to succeed another whose name was on the alleged forged teacher's license. It was charged that this forged and counterfeit state teacher's license purported to convey to Virginia D. Rowan a first-grade teacher's license, with the right to have the same renewed each year for four consecutive years. The license was set forth at length in the indictment with the grades purported to have been made and the general average, and signed by three persons purporting to be the state board of examiners, two of whom were actually examiners. It was alleged that Susie Braford well knew this license to be false, forged, and counterfeit, and falsely uttered same as true with the intent to injure and defraud the said Virginia D. Rowan and the state board of examiners whose names were signed to the license.

A motion to quash the indictment was filed on two grounds: First, because the court had no jurisdiction as the utterance of the alleged license to Virginia D. Rowan occurred in Jefferson county, she residing therein, and the state board of examiners were in Hinds county; and, second, because at the time the alleged license was pre-

sented to the state board of examiners the period of one year from the date of the alleged examination had elapsed and the term for which the license was issued had expired, the board knew that no satisfactory evidence had been produced that Virginia D. Rowan possessed a good moral character, aptness to teach, and ability to govern, and the license was null and void when presented or uttered.

Virginia D. Rowan had been for some time teaching in the colored public schools of this state on second and third grade licenses. In the summer of 1932 she was attending the A. & M. Normal College in Jefferson county, and was taking the examination for a license there, when she was informed by certain teachers from Wilkinson county attending that normal that she could procure a license without an examination, and she was referred to the appellant as the person from whom she could obtain such license for the sum of twenty-five dollars. She wrote to the appellant, and negotiations resulted in the procuring of the alleged license by paying five dollars in cash, five dollars more when the license was received, and the balance after she started teaching. The letter conveying the information from the appellant to Virginia D. Rowan reads as follows:

"Woodville, Miss. Aug. 31, 1932.

"Dear Rowan:—This comes to inform you that which I am sending you your paper, hoping you will busy yourself and retain the influence of others. Please be sure to show this to your friends who were too afraid to trust, you really will have to trust somebody. Now you can have your paper renewed at Alcorn next Summer because you see just how I wrote it up. You only went to Jackson and passed the examination at Lanier High School Normal, I am giving you that for a pass word. Do you understand it? I only have space for three more and that will finish up for this season no more until

1933 probably or never, we never can tell. The early bird will catch the worm.''

Virginia Rowan did not teach in 1932, but in 1933 she attended the Normal at Alcorn A. & M. College, stood examination, and made a satisfactory grade. Thereupon she presented her ''license'' to be sent to the state board of examiners for renewal. When this license reached Jackson, it was discovered to be a forgery, and the superintendent of education was asked to interview Virginia D. Rowan and find out where she obtained the license. This was done, and Virginia D. Rowan told him where she obtained said license.

At the next term of the circuit court of Wilkinson county the appellant, Susie Bradford, was indicted.

It appears from the evidence for the state that the appellant represented the license to be a good and valid license, and received ten dollars therefor. Virginia D. Rowan, who had then married, wrote to the appellant for a return of this money, and appellant sent four dollars and fifty cents of the ten dollars received with the promise to send more, but did not sign her name to the letter, same reading as follows:

''Sept. 2. Woodville, Miss.

''Dear V. A. Thomas:—I am sending you this I am going to send you more later, look for it any time this week. How is everything I hope you will know who this is writing. I had planned to send in full but cant make it. Your friend,

''You know who.''

The handwriting was identified, and the money order by which the money was paid was traced to the appellant, and, in addition, there was the testimony of Virginia D. Rowan as to the details of the transaction between her and the appellant.

The motion to quash the indictment was overruled, as was also the demurrer thereto.

It is clear to us that the instrument was an actual forgery and was one susceptible of forgery under section 944, Code 1930. Under the law of this state, before a teacher can teach, he or she must have a license so to do evidencing the educational requirements of law. The license in the case at bar purported to be a valid instrument authorizing Virginia D. Rowan to teach in the schools of Mississippi. Had she presented this license with the contract of the school trustees to the state board, a contract would have been made, but the superintendent discovered that it was a forgery. It is also clear to us that it was the purpose of the appellant to sell a teacher's license purporting to be signed by the state board and enabling a teacher to teach in the schools, regardless of the educational requirements and in fraud of the public authority.

It is evident, from the testimony, that Virginia D. Rowan did believe that this license she had bought would enable her to obtain a contract with the superintendent of education, and that she was induced by this to pay money for the license she received which she would not have paid had it not been represented to her that such license would be an acceptable one. It is also true that Virginia D. Rowan knew she had not taken the examination as recited in the face of the license; nevertheless, she believed the license, when paid for, would enable her to secure a right to teach.

We think the transaction constituted a violation of law and an uttering of a forged instrument by the appellant. The public has denounced this by statute, and the facts make a clear case of a fraudulent purpose on the part of the appellant by the forging of the name of those authorized to issue licenses. If it was a suit between the appellant and Virginia D. Rowan, then the latter could not take advantage of her own wrongful participation in the transaction.

We also think the venue of the crime was properly laid in Wilkinson county under section 1186 of the Code of 1930. The appellant, under this section, could have been indicted in either Wilkinson or Jefferson county. The license was mailed by appellant in Wilkinson county and received by Virginia D. Rowan in Jefferson county. The contract was consummated by correspondence originating in one county and going into another county.

We find no reversible error in the case, and the judgment is affirmed.

Affirmed.